**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAVID KALKUT,**

        **Plaintiff,**

**v.**                                          **Case No. :**

**TECHWAVE CONSULTING, INC.,**
**a foreign profit corporation,**

        **Defendant.**
_____/

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff, DAVID KALKUT ("Plaintiff"), hereby sues Defendant, TECHWAVE CONSULTING, INC., a foreign profit corporation ("Defendant"), and alleges as follows:

## <u>JURISDICTION AND VENUE</u>

1. Plaintiff seeks an award of compensatory and punitive damages against Defendant based upon employment discrimination against Plaintiff in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et seq. ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"), and the Florida Civil Rights Act of 1992 ("FCRA").

2.      Subject matter jurisdiction over this action is based upon (1) diversity of citizenship between Plaintiff and Defendant; (2) the existence of federal question jurisdiction based on ADEA, Title VII, and Section 1981 claims that arise under federal law; and (3) supplemental jurisdiction over state law claims. The federal statutes conferring original subject matter jurisdiction over this action is 28 U.S.C. §§ 1331, 1332, and 1367.

3.      At all times material to this action, Plaintiff was a citizen of Pasco County, Florida; Defendant was and is registered and organized under the laws of New Jersey and had its principal place of business in Houston, Texas.

4.      Defendant is a global IT and engineering services and solutions company and services citizens of Florida and other states. Such services are continuous and systematic. Plaintiff was hired to conduct sales activities from his home in Pasco County, Florida.

5.      Defendant is subject to general and specific personal jurisdiction in this Court under Section 48.193, Florida Statutes. Plaintiff's causes of action under the ADEA, Title VII, Section 1981, and the FCRA arose from Defendant's continued employment and discharge of Plaintiff in the State of Florida as a permanent employee working remotely.

6.      Defendant envisioned that Plaintiff could successfully work for Defendant from his home in Pasco County, Florida.

7.    Defendant purposefully availed itself of the benefits and protections of Florida law by recruiting Plaintiff, a Florida citizen, to work remotely for Defendant.

8.    In recruiting Plaintiff to work remotely for Defendant, Defendant foresaw a regular and predictable business and employment relationship with Plaintiff, a talented and personable and confidential Client Engagement Manager with excellent communication and marketing abilities.

9.    Defendant routinely sells to and services clients in Florida where it has sales channels and an active customer base.

10.    Prior to filing this action, Plaintiff timely filed EEOC Charge No. 511-2024-01181.

11.    Plaintiff has satisfied all conditions precedent to maintain this action.

12.    Venue is appropriate in the Middle District of Florida under the ADEA, Title VII, Section 1981, and the FCRA as the place Plaintiff was and would be working if the employment discrimination of which Plaintiff complains had not taken place.

## FACTUAL BACKGROUND

13.    Plaintiff is a white man born in 1963 in the United States.

14.    Plaintiff was offered and accepted the position of Client Partner for

Defendant on or around April 29, 2021.

15.    When Plaintiff commenced his employment with Defendant on or around May 3, 2021, he learned that the Client Partner position he had been offered was given to a person of Indian descent.

16.    The role Plaintiff was actually given once he began his employment with Defendant on or around May 3, 2021, was that of a Client Engagement Manager ("CEM"), wherein he sought out new business leads in the Banking and Financial Services industry, as Defendant had not yet had any success expanding into the industry.

17.    Plaintiff's initial supervisor was Michael Nusser ("Nusser"), a white man over 50 years old who was born in the United States.

18.    As a CEM, Plaintiff's duties included acquiring logos, selling Defendant's services, and selling software development services.

19.    The vast majority of Plaintiff's coworkers were of Indian origin or heritage.

20.    While a CEM, Defendant never imposed any performance targets or quotas.

21.    Throughout Plaintiff's time with Defendant, he developed organic client leads, promoted Defendant's services to prospective clients through various media including attendance at trade shows and personally developing

relationships, and maintained an active client pipeline.

22.    In or around November 2022, Defendant terminated Nusser's employment.

23.    Following Nusser's termination, Plaintiff reported directly to Raj Gummadapu ("Gummadapu"), Defendant's CEO.

24.    On or around September 29, 2023, Defendant terminated Plaintiff's employment over a phone call but did not provide a reason.

25.    Plaintiff was replaced with a less qualified man of Indian descent in his 30s.

## COUNT I - AGE DISCRIMINATION
## IN VIOLATION OF THE ADEA

26.    Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

27.    Defendant is an employer under the ADEA.

28.    Plaintiff was discharged and discriminated against because of his age.

29.    Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

      A.    Grant Plaintiff back-pay, liquidated damages, and attorney's fees and costs.

      B.    Grant Plaintiff a trial by jury and such further relief as the

Court deems just and equitable.

## COUNT II - RACIAL DISCRIMINATION
## IN VIOLATION OF TITLE VII

30.    Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

31.    Plaintiff was discharged because of his race.

32.    Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.    Grant Plaintiff an award of compensatory damages, liquidated damages, back-pay, front-pay, and attorney's fees and costs.

B.    Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

## COUNT III - NATIONAL ORIGIN DISCRIMINATION
## IN VIOLATION OF TITLE VII

33.    Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

34.    Plaintiff was discharged because of his national origin.

35.    Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.    Grant Plaintiff an award of compensatory damages,

liquidated damages, back-pay, front-pay, and attorney's fees and costs.

B.    Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

## COUNT IV - DISCHARGE BASED ON RACE
## IN VIOLATION OF SECTION 1981

36.    Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

37.    Plaintiff was discharged because of his race.

38.    Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.    Grant Plaintiff an award of compensatory damages, punitive damages, back-pay, front-pay, and attorney's fees and costs.

B.    Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

## COUNT V - AGE DISCRIMINATION
## IN VIOLATION OF THE FCRA

39.    Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

40.    Plaintiff was discharged because of his age and replaced with a younger, less qualified person.

41. Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

    A.    Grant Plaintiff an award of compensatory damages, punitive damages, back-pay, front-pay, and attorney's fees and costs.

    B.    Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

### COUNT VI - RACIAL DISCRIMINATION IN VIOLATION OF THE FCRA

42. Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

43. Plaintiff was treated differently from similarly situated Asian employees with regard to conditions of employment and discharged because of his race.

44. Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

    A.    Grant Plaintiff an award of compensatory damages, punitive damages, back-pay, front-pay, and attorney's fees and costs.

    B.    Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

## COUNT VII - NATIONAL ORIGIN DISCRIMINATION
### IN VIOLATION OF THE FCRA

45. Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

46. Plaintiff was treated differently from similarly situated Indian employees with regard to conditions of employment and discharged because of his national origin.

47. Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

    A. Grant Plaintiff an award of compensatory damages, punitive damages, back-pay, front-pay, and attorney's fees and costs.

    B. Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all claims so triable.

Respectfully submitted,
BERMAN LAW FIRM, P.A.

By:    */s/ Craig L. Berman*
        Craig L. Berman, Esquire
        BERMAN LAW FIRM, P.A.
        Fla. Bar No. 068977
        111 Second Ave. N.E.; Suite 706
        St. Petersburg, FL 33701
        Phone: (727) 550-8989
        Fax: (727) 894-6251
        craig@bermanlawpa.com

**ATTORNEY FOR PLAINTIFF**